IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                             **Plaintiff,** )<br>vs.                                        )<br>                                            )<br>1)JOE ORLEY MASON,                )<br>a.k.a. Joe O. Mason, deceased, the unknown  )<br>heirs, executors, administrators, trustees and  )<br>assigns of Joe Orley Mason, deceased;     )<br>2) HELEN MASON, if living or if deceased, the  )<br>the unknown heirs, executors, administrators, )<br>trustees and assigns of Helen Mason, deceased; )<br>3)JOANN BERGT;                        )<br>4)BOARD OF COUNTY COMMISSIONERS  )<br>OF WAGONER COUNTY, OKLAHOMA;   )<br>5)COUNTY TREASURER OF WAGONER  )<br>COUNTY, OKLAHOMA;                 )<br>                                **Defendants.** ) | CIV 12-163-JHP |

## JOURNAL ENTRY OF JUDGMENT

      This matter comes on to be heard this 4th day of January, 2013, upon the issues in plaintiff's complaint filed herein; the plaintiff, United States of America, appearing by Thomas M. Wright, Assistant United States Attorney for the Eastern District of Oklahoma; the defendants, Board of County Commissioners of Wagoner County, Oklahoma and the County Treasurer of Wagoner County, Oklahoma, appearing by their attorney, Holly Chapman, and none of the other defendants appearing either in person or by counsel, but being wholly in default; the Court carefully inspects and examines the files, records, and processes herein and finds that subsequent to the filing of plaintiff's complaint in this action, the defendants, Joe Orley Mason, a.k.a. Joe O. Mason, deceased, the unknown heirs, executors, administrators, trustees and assigns of Joe Orley Mason, deceased and

Helen Mason, if living or if deceased, the unknown heirs, executors, administrators, trustees and assigns of Helen Mason, deceased, were served by publication, pursuant to an Order of this Court, and said Order was published in the Wagoner Tribune for six (6) consecutive weeks as verified by the Affidavit of Publication filed herein, all in compliance with statutes.

The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendants who were served herein by publication, and based upon the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand.  The Court approves the publication service given herein as meeting both statutory requirements and the minimum standard of state and federal due process; and that pursuant to the requirements of 28 U.S.C. §1655, more than 20 days has passed; the Court further finds that said defendants have made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendants; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendants not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

The defendant, Joann Bergt, was served with summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, more than twenty (20) days prior to this date; the Court further finds that said defendant has made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendant; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and

that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendant not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

NOW, the Court proceeds instanter to consider plaintiff's complaint, and carefully examines the exhibits attached thereto, including the note and real estate mortgages, and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given an in rem judgment against the defendants, Joe Orley Mason, a.k.a. Joe O. Mason, deceased, the unknown heirs, executors, administrators, trustees and assigns of Joe Orley Mason, deceased and Helen Mason, if living or if deceased, the unknown heirs, executors, administrators, trustees and assigns of Helen Mason, deceased as prayed for in plaintiff's complaint.

And the Court more specifically finds:

That Joe O. Mason, now deceased and Helen Mason, now deceased, on or about December 16, 2002, executed and delivered to plaintiff a promissory note. Further, that in order to secure the payment of said promissory note, the makers thereof, made, executed and delivered to plaintiff, their certain real estate mortgages whereby they conveyed and mortgaged to plaintiff the following described real property situated in Wagoner County, Oklahoma, to-wit:

**North 132 feet of SW4 of NW4 of Section 13, Township 17 North, Range 15 East of the Indian Base and Meridian, Wagoner County, Oklahoma**

which mortgages were duly executed and acknowledged by said borrowers, and the same are dated, acknowledged, and filed in the office of the County Clerk of Wagoner County, Oklahoma, as follows:

| Instrument | Filed | County | Book | Page |
|---|---|---|---|---|
| Mortgage | 01-07-03 | Wagoner | 1266 | 20 |
| Mortgage | 01-17-03 | Wagoner | 1266 | 28 |

That although the note and mortgages of the defendants herein have been assigned to other institutions in the past, said note and mortgages have been re-assigned to the plaintiff herein who is the owner and holder of said note and mortgages at the time of filing this action.

Further, that the said defendants, have defaulted in the payment of the installments provided in said note and mortgages, and have not paid the same in the amounts and at the times they agreed to pay the same, and by reason thereof, there is now due and owing on said note and mortgages the principal sum of $75,585.08, interest in the amount of $31,314.03 as of March 10, 2012, plus interest at the rate of 6.79% per annum from June 9, 2010, the date of default, until judgment, plus interest from that date at the legal rate until paid, plus all costs and future costs of this action, including maintenance and protection fees; that by reason of the aforementioned default, plaintiff has elected to declare the entire principal balance and accrued interest thereon due and payable at once.

Further, that the said mortgages expressly provide that if the borrower defaults in the payment of the debt secured thereby, the mortgagee may foreclose said mortgages and sell the mortgaged property at foreclosure sale and apply the proceeds from such sale on the said debt; and

that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; and that plaintiff mortgagee states that it desires to have said real property sold with appraisement.

Further, that the defendants, Board of County Commissioners of Wagoner County, Oklahoma and County Treasurer of Wagoner County, Oklahoma, have answered claiming some right, title, and interest in and to the property which is the subject of this action. However, the ad valorem taxes have been paid, and now, no taxes are due and owing.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

1. That the plaintiff have an in rem judgment against the defendants, Joe Orley Mason, a.k.a. Joe O. Mason, deceased, the unknown heirs, executors, administrators, trustees and assigns of Joe Orley Mason, deceased and Helen Mason, if living or if deceased, the unknown heirs, executors, administrators, trustees and assigns of Helen Mason, deceased.

2. That the mortgage lien of the plaintiff, United States of America, be and the same is hereby established as a first, prior and superior lien on the real estate and premises hereinbefore described, and that such mortgage lien be and the same is hereby ordered foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

3. That should a sale and confirmation occur, the defendants, Joe Orley Mason, a.k.a. Joe O. Mason, deceased, the unknown heirs, executors, administrators, trustees and assigns of Joe Orley Mason, deceased and Helen Mason, if living or if deceased, the unknown heirs, executors, administrators, trustees and assigns of Helen Mason, deceased, and Joann Bergt, and each of them, have no right, title, or interest in or to said mortgaged real property, or any part thereof; and that said defendants, and each of them, and all persons claiming by, through or under them, be and are hereby

perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said mortgaged property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

    4.  That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

    5.  That the proceeds from the sale of said mortgaged property be applied as follows:

FIRST: To the payment of costs of this action, including service by publication in the amount of $633.00, and the cost of foreclosure sale;

SECOND: To the satisfaction of the judgment in favor of the plaintiff, in the amount of the principal sum of $75,585.08, interest in the amount of $31,314.03 as of March 10, 2012, plus interest at the rate of 6.79% per annum from June 9, 2010, the date of default, until judgment, plus interest from that date at the legal rate of 0.16% until paid, plus all costs and future costs of this action, including maintenance and protection fees

THIRD: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

DATED this 4th day of January, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

6

USA v. Mason
CIV 12-163-JHP
Journal Entry of Judgment


APPROVED AS TO FORM:

MARK F. GREEN
United States Attorney


S/THOMAS M. WRIGHT
THOMAS M. WRIGHT O.B.A. 20378
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5113
918-684-5130 - fax
tom.wright@usdoj.gov



S/HOLLY CHAPMAN
HOLLY CHAPMAN O.B.A. 30097
Assistant District Attorney
307 East Cherokee
Wagoner OK 74467
918-485-2119
Attorney for Board of County Commissioners
& County Treasurer of Wagoner County, Oklahoma